**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISON**

| | | |
|---|---|---|
| **TONY GRAY, # 136398,** | * | |
| | * | |
| **Petitioner,** | * | |
| | * | |
| **vs.** | * | **CIVIL ACTION NO. 22-00178-JB-B** |
| | * | |
| **JOSEPH HEADLEY,** *et al.*, | * | |
| | * | |
| **Respondents.** | * | |

### REPORT AND RECOMMENDATION

Petitioner Tony Gray filed a *pro se* petition seeking federal habeas corpus relief pursuant to 28 U.S.C. § 2254. (Doc. 1). The assigned District Judge has referred this matter to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B), S.D. Ala. GenLR 72(b), and Rule 8(b) of the Rules Governing Section 2254 Cases.

Under Rule 4 of the Rules Governing Section 2254 Cases, the assigned judge "must promptly examine" the petition and, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Rules Governing § 2254 Cases, R. 4.  Upon preliminary review of the present petition, the undersigned finds that it plainly appears that Gray is not entitled to relief in this Court because, based on the information alleged, his claims

have not been exhausted in state court and are time-barred pursuant to 28 U.S.C. § 2244(d)(1). Accordingly, it is recommended that Gray's habeas corpus petition (Doc. 1) and this action be **DISMISSED**.

## I.  <u>BACKGROUND</u>

Petitioner Tony Gray ("Gray"), an Alabama state prisoner confined at Ventress Correctional Facility in Clayton, Alabama,[1] filed a petition for federal habeas corpus relief pursuant to 28 U.S.C. § 2254 on April 25, 2022.[2] (Doc. 1). The petition challenges Gray's December 11, 1986 judgment of conviction for second-degree robbery and intimidating a witness in the Circuit Court of Mobile County, Alabama, Case Number CC-1986-2450, which resulted in a sentence of life imprisonment. (<u>Id.</u> at 1). Gray states that he did not appeal from his judgment of conviction, did not seek further review by a higher state court, and did not file a petition for certiorari in the United States Supreme Court. (<u>Id.</u>

---

[1] Respondent Joseph Headley is the Warden of Ventress Correctional Facility. <u>See</u> Rules Governing § 2254 Cases, R. 2(a) ("If the petitioner is currently in custody under a state-court judgment, the petitioner must name as respondent the state officer who has custody.").

[2] Under the mailbox rule, a prisoner's *pro se* federal habeas petition is deemed filed on the date it is delivered to prison officials for mailing. <u>Washington v. United States</u>, 243 F.3d 1299, 1301 (11th Cir. 2001) (per curiam). Absent evidence to the contrary, that date is assumed to be the date the prisoner signed the motion. <u>Id.</u> Gray's petition is dated April 25, 2022. (<u>See</u> Doc. 1 at 15).

at 2-3).  Gray further indicates that he has not previously filed any other petitions, applications, or motions with respect to the underlying judgment in any state court.  (Id. at 3).

In ground one of the instant habeas petition, Gray alleges that "[t]he trial court was without jurisdiction to render the judgment or to impose the sentence" because it "amended the charge from robbery first degree to robbery second degree without [Gray's] consent and changed the sentencing from two (2) years to twenty (20) years to life imprisonment without [Gray's] consent" and "amended the explanation of rights and plea of guilty to alter the sentence from one (1) year and one (1) day to ten (10) year[s] to reflect a sentence of fifteen (15) years to ninety-nine (99) years as a habitual felony offender."  (Id. at 5).  In ground two, Gray alleges that his "counsel was ineffective for failing to object to amendment of convictions & sentences without his consent."  (Id. at 7).  In ground three, Gray alleges that his sentence exceeds the maximum sentence authorized by law or "otherwise is not authorized by law."  (Id. at 8).  In ground four, Gray alleges that his convictions were obtained by a guilty plea that was unlawfully induced.  (Id. at 10).  Gray indicates that he did not raise any of his four grounds for relief before the state courts on direct appeal, in a state post-conviction motion, or in a state habeas corpus petition.  (Id. at 6-11).

In the section of the habeas petition form that directs a petitioner whose judgment of conviction became final more than one year earlier to explain why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar their petition, Gray states that he "is not precluded by the one-year statute of limitations because his ground arises under a jurisdictional issue; therefore, he is not barred by 28 U.S.C. Section 2244(d)." (Id. at 13).

## II.  DISCUSSION

A federal district court is authorized to entertain an application for writ of habeas corpus filed by a person in custody pursuant to the judgment of a state court where the petitioner alleges that he is in custody in violation of the Constitution or laws or treaties of the United States. See 28 U.S.C. § 2254(a). However, federal habeas petitioners must satisfy various procedural requirements in order to obtain relief. Here, it plainly appears that Gray's claims are time-barred as well as unexhausted and/or procedurally defaulted. Each of these conclusions is discussed in turn.

### A.   Time-Bar.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a one-year statute of limitations for a federal habeas petition. See 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of the following dates:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Here, there is no allegation or information suggesting that the triggering dates provided in subsections (B) through (D) of § 2244(d)(1) apply to any of Gray's claims. Thus, it appears that § 2244(d)(1)(A) provides the appropriate trigger date. Gray states in his petition that he did not appeal from his December 11, 1986 judgment of conviction. (See Doc. 1 at 2). Accepting this allegation as true, Gray's judgment of conviction became final for federal habeas purposes forty-two days after the entry of judgment, on or about January 22, 1987, when the time for filing an appeal expired. See Ala. R. App. P. 4(b)(1); Bonner v. Daniels, 2017 U.S. App. LEXIS 27809, at *4, 2017 WL 5068422, at *2 (11th Cir. Mar. 30, 2017).

However, the AEDPA did not become effective until April 24, 1996. For a state prisoner whose conviction became final prior to that date, a one-year grace period was provided for filing a § 2254 petition. See Wilcox v. Fla. Dep't of Corr., 158 F.3d 1209, 1211 (11th Cir. 1998) (per curiam). That is, a state prisoner whose conviction became final before April 24, 1996, had until April 24, 1997, to file a § 2254 petition. Moore v. Campbell, 344 F.3d 1313, 1319-20 (11th Cir. 2003) (per curiam) (concluding that state prisoners whose convictions became final before the enactment of the AEDPA had until April 24, 1997 to file their habeas petitions).

Thus, it appears that Gray's § 2254 petition, filed on April 25, 2022, is time-barred by more than twenty-five years, absent tolling or a credible showing of actual innocence. Once the federal statute of limitations is triggered and begins to run, it can be tolled in two ways: through statutory tolling or equitable tolling. Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008) (per curiam). Statutory tolling is codified at 28 U.S.C. § 2244(d)(2), which tolls the one-year limitation period during the pendency of "a properly filed application for State post-conviction or other collateral review" of the underlying judgment. See 28 U.S.C. § 2244(d)(2). "However, the pendency of even a properly filed state post-conviction application only *pauses* § 2244(d)(1)'s one-year clock; it does not *reset* it." Roby v.

Mitchem, 2012 U.S. Dist. LEXIS 67121, at *8, 2012 WL 1745529, at *3 (N.D. Ala. May 1, 2012) (emphasis in original).

Equitable tolling is available only where a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (citation omitted). "Equitable tolling is an extraordinary remedy, which is typically applied sparingly." Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000).

In addition, a habeas petitioner's actual innocence, if proved, may serve as a gateway to consideration of constitutional claims otherwise time-barred under § 2244(d)(1)'s one-year limitation period. McQuiggin v. Perkins, 569 U.S. 383, 386 (2013). To successfully assert actual innocence as a gateway to review of time-barred claims, a habeas petitioner is required "(1) to present new reliable evidence . . . that was not presented at trial, and (2) to show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt in light of the new evidence." Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012) (per curiam) (internal quotation marks and citations omitted). The actual innocence gateway requires a petitioner to show "factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998).

Gray does not allege – and indeed, specifically denies - that he filed any state post-conviction petition, application, or motion that could have tolled the limitation period under § 2244(d)(2). (See Doc. 1 at 3). Gray has not alleged facts suggesting that equitable tolling is warranted. See, e.g., Wakefield v. R.R. Ret. Bd., 131 F.3d 967, 970 (11th Cir. 1997) ("Ignorance of the law usually is not a factor that can warrant equitable tolling."); Dansby v. Estes, 2018 U.S. Dist. LEXIS 34524, at *8, 2018 WL 1474582, at *3 (S.D. Ala. Mar. 1, 2018) ("[I]t is well-established that 'an inmate's lack of legal knowledge, his failure to understand legal principles, and his inability to recognize potential claims for relief at an earlier juncture do not constitute extraordinary circumstances sufficient to warrant equitable tolling.'" (citations omitted), report and recommendation adopted, 2018 U.S. Dist. LEXIS 49296, 2018 WL 1474080 (S.D. Ala. Mar. 26, 2018). Nor does Gray make a showing of actual innocence that would permit consideration of his untimely claims.

Gray contends that the limitation period in § 2244(d) does not apply to his petition "because his ground arises under a jurisdictional issue[.]" (Doc. 1 at 13). However, even if all of Gray's claims raised jurisdictional issues, which they do not,[3]

---

[3] See Cloud v. State, 234 So. 3d 538, 544 (Ala. Crim. App. 2016) (noting that ineffective assistance of counsel claims are not

"[t]here is no exception to the limitation period in § 2244(d) for claims alleging lack of jurisdiction by the state trial court." Smith v. Giles, 2017 U.S. Dist. LEXIS 108813, at *4, 2017 WL 4021125, at *2 (M.D. Ala. July 12, 2017), report and recommendation adopted, 2017 U.S. Dist. LEXIS 147191, 2017 WL 4019425 (M.D. Ala. Sept. 12, 2017); see Brown v. Patterson, 2012 U.S. Dist. LEXIS 112049, at *12, 2012 WL 3264896, at *3 (M.D. Ala. June 18, 2012) ("Brown argues that his claim challenging the validity of his sentence presents a jurisdictional claim which is not governed by the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1)(A). However, neither the statute nor federal case law makes such an exception for alleged jurisdictional issues arising under state law."), report and recommendation adopted, 2012 U.S. Dist. LEXIS 112049, 2012 WL 3264556 (M.D. Ala. Aug. 9, 2012); Owens v. Mitchem, 2012 U.S. Dist. LEXIS 126650, at *8 n.3, 2012 WL 4009335, at *3 n.3 (N.D. Ala. 2012) ("There is no exception under AEDPA's statute of limitation for a § 2254 claim that the state court lacked subject matter jurisdiction."). Thus, Gray's suggestion that § 2244(d)'s one-year limitation period does not apply to his claims is without merit.

---

jurisdictional and are therefore subject to the procedural bars of Ala. R. Crim. P. 32.2); Fincher v. State, 837 So. 2d 876, 878 (Ala. Crim. App. 2002) ("Claims relating to the voluntariness of guilty pleas are not jurisdictional and, therefore, are subject to the procedural bars of Rule 32.2, Ala.R.Crim.P.").

For the reasons set forth above, it plainly appears from the face of Gray's petition that the claims asserted are time-barred pursuant to 28 U.S.C. § 2244(d)(1)(A).

**B.    Exhaustion and Procedural Default.**

In addition to the one-year limitation period, § 2254 habeas claims are subject to an exhaustion requirement.  Before a § 2254 petitioner may obtain federal habeas corpus relief, he must generally exhaust all available state court remedies for challenging his conviction, either on direct appeal or in a state post-conviction motion.  See 28 U.S.C. § 2254(b)(1) & (c); Duncan v. Walker, 533 U.S. 167, 178-79 (2001).  To fully exhaust a claim, a petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

In Alabama, a complete round of the established appellate review process includes an appeal to the Alabama Court of Criminal Appeals, an application for rehearing in that court, and a petition for discretionary review in the Supreme Court of Alabama.  Price v. Warden, Att'y Gen. of Ala., 701 F. App'x 748, 749-50 (11th Cir. 2017) (per curiam).  The exhaustion requirement applies to state post-conviction proceedings as well as to direct appeals.  Pruitt v. Jones, 348 F.3d 1355, 1359 (11th Cir. 2003).

A habeas claim "is procedurally defaulted if it has not been exhausted in state court and would now be barred under state procedural rules." Mize v. Hall, 532 F.3d 1184, 1190 (11th Cir. 2008); see Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991) ("[I]f the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred[,] . . . there is a procedural default for purposes of federal habeas[.]").

Gray's habeas petition makes clear that he has not invoked one complete round of Alabama's established appellate review process with respect to any of his claims and has therefore failed to exhaust all available state court remedies as to those claims. Moreover, it appears that any attempt to exhaust state remedies now with respect to all non-jurisdictional claims raised in the instant petition would be futile because the claims would be subject to the procedural bars in Ala. R. Crim. P. 32.2(a) and (c).

A petitioner can overcome a procedural default in one of two ways. First, a petitioner's defaulted claims can be reviewed if he can show cause for the default and resulting prejudice. Murray v. Carrier, 477 U.S. 478, 496 (1986). "To establish 'cause' for procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded the effort to

raise the claim properly in the state court." <u>Wright v. Hopper</u>,
169 F.3d 695, 703 (11th Cir. 1999). To show prejudice, "a
petitioner must show that there is at least a reasonable
probability that the result of the proceeding would have been
different" had the constitutional violation not occurred.
<u>Henderson v. Campbell</u>, 353 F.3d 880, 892 (11th Cir. 2003).

Second, a petitioner may overcome the procedural default of
a claim by establishing a fundamental miscarriage of justice, which
"occurs in an extraordinary case, where a constitutional violation
has resulted in the conviction of someone who is actually
innocent." <u>Id.</u> "This exception applies if the petitioner can
show that, in light of new evidence, it is probable that no
reasonable juror would have convicted him." <u>Mize</u>, 532 F.3d at
1190.

Gray's petition alleges no facts that would excuse the
procedural default of any of his claims. Accordingly, it appears
that, in addition to being time-barred, the claims raised in the
instant habeas petition are unexhausted and/or procedurally
defaulted.

**C.    *Sua Sponte* Dismissal is Appropriate Since the Report and Recommendation Provides Notice and an Opportunity to Be Heard.**

Because it plainly appears that the claims in Gray's habeas
petition are time-barred as well as unexhausted and/or
procedurally defaulted, the habeas petition should be dismissed

*sua sponte*.  A court does not err by dismissing a § 2254 petition *sua sponte* on the grounds of untimeliness or failure to exhaust/procedural default as long as it gives the petitioner notice of its decision and an opportunity to be heard in opposition.  See <u>Paez v. Sec'y, Fla. Dep't of Corr.</u>, 947 F.3d 649, 655 (11th Cir.) (per curiam) (stating that the petitioner was "provided ample notice and opportunity to explain why his petition was timely in his form petition and again when he was given the opportunity to respond to the magistrate judge's Report and Recommendation that his petition be summarily dismissed as untimely"), <u>cert. denied sub nom.</u>, 141 S. Ct. 309 (2020); <u>Day v. McDonough</u>, 547 U.S. 198, 209-10 (2006); <u>see also</u> Rules Governing § 2254 Cases, R. 4.

This report and recommendation provides Gray an opportunity to file objections and thus affords him both notice and a reasonable opportunity to respond.  Additionally, the undersigned will direct the Clerk to provide Respondents copies of Gray's petition and this report and recommendation so that Respondents will also have an opportunity to respond to the report and recommendation.  See <u>Paez</u>, 947 F.3d at 655.

**D.  Notice to Petitioner.**

**Gray is <u>specifically advised</u> that this report and recommendation is <u>notice to him</u> that this Court is *sua sponte* raising the issues of timeliness and failure to exhaust/procedural**

default with respect to the claims raised in his § 2254 habeas petition. Gray is **further advised** that he must submit any evidence or argument challenging the Court's findings that his claims are time-barred as well as unexhausted and/or procedurally defaulted in written objections to the instant report and recommendation.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, R. 11(a). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. See 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2).

Where, as here, a habeas petition is dismissed on procedural grounds without reaching the merits of any underlying constitutional claim, a certificate of appealability "should issue [only] when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in

its procedural ruling." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

After reviewing the issues presented in light of the applicable standards, the undersigned submits that reasonable jurists would not conclude that this Court is in error in dismissing the instant petition or that Gray should be allowed to proceed further. <u>See</u> <u>id.</u> ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further"). As a result, the undersigned submits that Gray is not entitled to a certificate of appealability and should not be permitted to proceed *in forma pauperis* on appeal.

## IV.  CONCLUSION

For the reasons set forth above, the undersigned **RECOMMENDS** that Gray's § 2254 habeas petition (Doc. 1) and this action be **DISMISSED**. It is further recommended that any requests for a certificate of appealability or for permission to appeal *in forma pauperis* be **DENIED**.

The Clerk is **DIRECTED** to send copies of Gray's habeas petition and this report and recommendation to Respondent Warden Joseph Headley, Ventress Correctional Facility, Hwy 239 N, Clayton,

Alabama 36016, and to Respondent Steve Marshall, Attorney General
of the State of Alabama.

<u>**NOTICE OF RIGHT TO FILE OBJECTIONS**</u>

A copy of this report and recommendation shall be served on
all parties in the manner provided by law. Any party who objects
to this recommendation or anything in it must, within fourteen
(14) days of the date of service of this document, file specific
written objections with the Clerk of this Court. <u>See</u> 28 U.S.C. §
636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The
parties should note that under Eleventh Circuit Rule 3-1, "[a]
party failing to object to a magistrate judge's findings or
recommendations contained in a report and recommendation in
accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the
right to challenge on appeal the district court's order based on
unobjected-to factual and legal conclusions if the party was
informed of the time period for objecting and the consequences on
appeal for failing to object. In the absence of a proper
objection, however, the court may review on appeal for plain error
if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the
specific finding or recommendation to which objection is made,
state the basis for the objection, and specify the place in the
Magistrate Judge's report and recommendation where the disputed
determination is found. An objection that merely incorporates by

reference or refers to the briefing before the Magistrate Judge is
not specific.

      **DONE** this **14th** day of **July, 2022.**

**/s/ SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**
